In the Matter of Opening BEACH AVENUE, etc., in the City of New York; THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Appellant; MICHAEL H. HAGGERTY and Others, Executors and Trustees under the Will of JOHN McCONVILLE, Deceased, Respondents.

*Public streets — dedication— description in deeds — reference to a map — acceptance.*

On an application by the city of New York to acquire the fee of a piece of land called Beach avenue, extending from One Hundred and Forty-ninth street to Kelly street, the city claimed that the land had been dedicated by the owners to public use, and as proof of this relied mainly upon two conveyances, made by the executors of the deceased owner, in which Beach avenue was made one of the boundaries of each of the lots conveyed, and in which reference was made to a map on which Beach avenue was laid out.  At the time of these conveyances Beach avenue was inclosed by a fence, and leased for pasturage, under a lease containing a condition that the fences should be maintained as then existing, which had been done.  One of the lots conveyed fronted on Kelly street, its westerly boundary being the easterly side of Beach avenue ; the other conveyance was of a lot fronting on One Hundred and Forty-ninth street, the easterly side of Beach avenue being its westerly boundary ; it thus appearing from the deeds that no part of Beach avenue was intended to be conveyed. The map referred to was not a public map, and on it were represented the stone walls and fences as they actually existed at the time of the execution of the deeds.
*Held*, that the deeds and map, considered in connection with the manner in which the property was fenced and used, and the conduct of the grantors in respect thereto, compelled the conclusion that the executors did not intend to offer to dedicate the land to the public, nor were their acts of such a nature as to warrant a finding of constructive dedication.
A dedication is not complete until the offer of the owner to dedicate his land for a public use be accepted, either by an actual acceptance by the public authorities through some formal act, or in terms, or by an implied acceptance by use by the public generally for such a length of time that an interruption of such use would result in great inconvenience.

APPEAL by the Mayor, Aldermen and Commonalty of the City of New York from an order of the Supreme Court made at the New York Special Term, and entered in the office of the clerk of the city and county of New York on the 22d day of June, 1892, ordering that the report of the commissioners of estimate and assessment in these proceedings be referred back for correction and revision, and that the said commissioners award to the owners of Beach avenue the value of the property taken.

First Department, June Term, 1893.            [Vol. 70.

The proceeding was taken to acquire title to the land called Beach avenue, extending from One Hundred and Forty-ninth street to Kelly street in the city of New York.

*T. Connoly*, for the appellant.

*G. P. Hawes*, for the respondent.

Parker, J. :

The city of New York by this proceeding seeks to acquire the fee of a certain piece of land commonly called Beach street. Commissioners of estimate and assessment were by the Special Term appointed, who, after taking evidence and hearing counsel, decided not to award to the owner of the fee of such land its value, but to allow nominal damages only.    Such determination was based on the conclusion reached by the commissioners that the respondents here, who are the executors and trustees under the last will and testament of John McConville, who died seized of the premises, dedicated the same to the public, to be used as a street.    A motion was thereupon made at a Special Term of this court to confirm the report and award of the commissioners, resulting in an order setting aside the report, and referring the matter back to the commissioners for revision and correction with a direction that the commissioners award to the owners of Beach avenue the value of the property.

This decision, we think, was required by the evidence, but in the view which we have taken it is unnecessary to consider one of the propositions discussed by the learned judge at Special Term relating to the power of the executors and trustees under the will to dedicate to the public for street purposes any portion of the land devised, for the evidence fully justifies the conclusion that the executors and trustees did not attempt nor intend to dedicate Beach avenue to the public.

The land in controversy, called Beach avenue, extended from One Hundred and Forty-ninth street to Kelly street.    The evidence presented by the city for the purpose of showing a dedication consisted mainly of two conveyances by the executors in which Beach avenue was made one of the boundaries of the lots conveyed, and in which reference was made to a map on which Beach avenue was laid out.    It may be observed that none of the parties assessed have

filed objections, or appeared on this appeal.   Therefore, no question of estoppel is presented as between grantor or grantee, and we have only to consider the bearing which this evidence has on the question of dedication for public use.   The conveyances were made in January and February, 1890.   At that time Beach avenue with other lands devised by the will was inclosed by a fence, and leased to a tenant for pasturage purposes, the lease containing a condition that the fences should be maintained as then existing, and they have been so continued substantially down to the time when these proceedings were instituted.   One of the lots conveyed fronted on Kelly street, its westerly boundary being the easterly side of Beach avenue.   The other conveyance was of a lot fronting on One Hundred and Forty-ninth street, the easterly side of Beach avenue being its westerly boundary.   Thus it appears from the deeds that no part of Beach avenue was intended to be conveyed; and the grantors as well as the attorney who drafted the deeds testified that the purpose in so describing the lands was to prevent any possible contention that there was an intention to dedicate the lands to the public.   No conveyance was made of any lot on Beach avenue, between the lots already referred to, which fronted as we have observed, one on One Hundred and Forty-ninth street and the other on Kelly street.

The map referred to in the deeds was not a public map and on it were represented the stone walls and fences as they actually existed at the time of the execution of the deeds.   The deeds and map, considered in connection with the manner in which the property was fenced and used, and the conduct of the grantors in respect thereto, compel the conclusion that the executors did not intend to offer to dedicate the land to the public; nor were their acts of such a nature as to warrant a finding of constructive dedication. But if it could be found either that the executors intended to dedicate the land, or that their acts were of such a character as to estop them from insisting that they did not so intend, there would yet be lacking an element essential to a complete dedication — the element of acceptance.   Until the offer of the owner to dedicate his land for a public use be accepted, the dedication is not complete.   At any time prior to such acceptance he may revoke his offer.   The acceptance may be actual or implied.   It is actual when the public author-

ities having charge of the subject by some formal act, or in terms accept it. It is not pretended here that such action was taken by the officers of the city. Acceptance is implied when the public use it so generally, and for such a length of time that an interruption of such use would result in great inconvenience. In this case it cannot be said that there was such use by the public. Until 1890, at least, it was fenced. It has never been thrown open for use, nor generally, if at all, used. The leading witness for the city was not quite sure that there was even a wagon track there. Indeed there is no evidence that even one team was ever driven from Kelly street to One Hundred and Forty-ninth street through Beach avenue.

The order should be affirmed, with the costs and printing disbursements.

O'BRIEN and FOLLETT, JJ., concurred.

Order affirmed, with the costs and printing disbursements.